IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN SCHRAMM, et al., | * | |
| Plaintiffs | * | |
| v. | * | Civil No.: JFM-02-3442 |
| BRIAN ASHLEY FOSTER, et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MITCHELL THOMPSON, et al., | * | |
| Plaintiffs | * | |
| v. | * | Civil No.: JFM-03-2758 |
| BRIAN ASHLEY FOSTER, et al., | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \*

**MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE RELATING TO THE COST TO PURCHASE AN ANNUITY TO COMPENSATE PLAINTIFFS FOR ANY AND ALL COMPENSABLE DAMAGES**

Plaintiffs John and Marla Schramm, individually and as guardians of Tyler J. Schramm, by and through their attorneys Henry L. Belsky and Schlachman, Belsky & Weiner, P.A., hereby moves *in limine* that this Honorable Court exclude all testimony or other evidence relating to the cost(s) to purchase an annuity to compensate Plaintiffs for any and all compensable damages, and for reasons states as follows:

1.  In the Proposed Pre-Trial Order submitted to this Court, the Defendants have proposed to introduce evidence to prove that the Plaintiffs can purchase an annuity that would pay for Tyler Schramm's lifetime medical care for between $4.2 and $4.35 million. The Defendants have also

proposed to introduce evidence to prove that Plaintiff Schramm can purchase an annuity that would replace any lost future income for between $800,000.00 and $1.3 million. (See Proposed PreTrial Order at pp. 14, 15 and 22.)

2. Pursuant to Md. Code Ann. Cts. & Jud. Proc.§11-109(c), this Court has discretion to order that all or part of the future economic damages portion of an award for damages be paid in the form of annuities or other appropriate financial instruments. This section is for use by the Court <u>after</u> a verdict, and does not provide an alternative method for the jury to use in awarding the amount of damages. Rather, §11-109(b) of the Courts Article merely requires the trier of fact to itemize an award to reflect the monetary amount intended for the various past and future compensable damages.

3. §11-109 of the Courts Article does not require a Court to permit the periodic payment of future economic damages. *See* <u>Kent Village Associates Joint Venture, et al., v. Kimberly Smith, et al.</u>, 104 Md. App. 507, 657 A. 2d 330 (Md. App. 1995). As pointed out by the Court, one proper consideration will be that the needs of the Plaintiff may not always lend itself to a fixed periodic payment which is not subject to modification. <u>Id</u>.

4. The Court must also be concerned about reliance upon a single source, regardless of how stable the source may be at present. While Courts have recognized the general virtue of an annuity, it has also been observed that "relying on one company, the insurance company that underwrites the annuity, to last [through the duration of the annuity] may actually place more risk on the Plaintiffs that having them diversify their investment portfolio among a range of public and private bonds and securities and certificates of deposit." <u>Muenstermann by Muenstermann v. U.S.</u>, 787 F. Supp. 499, 527 (D. Md. 1992).

5. Plaintiffs propose to prove that the total future economic loss to the Plaintiffs ranges

between $11,201,624 and $11,524,725 based upon the expert opinion of Mona Yudkoff (life care planner) and Dr. Brian Sullivan (forensic economist). These amounts have already been reduced to present value. As seen in the <u>Muensterman</u> analysis, to require the Plaintiffs to rely on one insurance company may well put the Plaintiffs in a worse position than if they are allowed to invest a lump-sum award of damages in a diversified portfolio. Accordingly, to allow the Defendants to produce evidence of the present cost to purchase annuities to provide for damage amounts which have already been reduced to present value would prejudice the Plaintiffs[1].

WHEREFORE, for the foregoing reasons, Plaintiffs John and Marla Schramm, individually and as guardians of Tyler J. Schramm, respectfully request that this Honorable Court preclude all evidence of the cost to purchase any annuity equal to the damages that are claimed. In the alternative, Plaintiffs respectfully request that this Honorable Court allow the Plaintiffs to provide expert testimony and other evidence as to the risks associated with the purchase of such annuities and/or the recommended manner in which to diversify a financial portfolio to properly protect the investor.

Respectfully submitted,

/s/ Henry L. Belsky
Federal Bar No. 03161
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street, 10th Floor
Baltimore, MD 21201
(410) 685-2022
Attorneys for Plaintiffs Schramm

---

[1] Plaintiffs acknowledge that their position is distinct from the Court's holding in <u>Ramrattan, et al., v. Burger King Corporation</u>, et al., 656 F. Supp. 522 (D. Md. 1987). However, Plaintiffs note that the <u>Muenstermann</u> Court considered the issue of presentation of evidence of the cost of purchasing an annuity in 1992 (after the ruling in Ramrattan) and considered different substantive issues surrounding the purchase of the annuity, including the risk to the Plaintiffs such a purchase could pose.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| JOHN SCHRAMM, et al.,<br>    Plaintiffs | * | |
| v. | * | Civil No.: JFM-02-3442 |
| BRIAN ASHLEY FOSTER, et al.,<br>    Defendants | * | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MITCHELL THOMPSON, et al.,<br>    Plaintiffs | * | |
| v. | * | Civil No.: JFM-03-2758 |
| BRIAN ASHLEY FOSTER, et al.,<br>    Defendants | * | |

\* \* \* \* \* \* \* \* \*

**ORDER**

Upon consideration of Plaintiffs' Motion *in Limine* to Preclude Defendants from Introducing Evidence relating to the Cost to Purchase an Annuity to Compensate Plaintiffs for Any and All Compensable Damages, and any opposition thereto, it is this _____ day of _____, 2005 hereby,

**ORDERED** that Defendants are precluded from introducing evidence relating to the cost to purchase an annuity to compensate Plaintiffs for any and all compensable damages and no person is to mention, refer to, interrogate concerning or attempt to convey or suggest to the jury in any manner, directly or indirectly, the costs of such annuities.

 

_____
J. Frederick Motz
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN SCHRAMM, et al., <br> **Plaintiffs** | * | |
| v. | * | Civil No.: JFM-02-3442 |
| BRIAN ASHLEY FOSTER, et al., <br> **Defendants** | * | |

\* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MITCHELL THOMPSON, et al., <br> **Plaintiffs** | * | |
| v. | * | Civil No.: JFM-03-2758 |
| BRIAN ASHLEY FOSTER, et al., <br> **Defendants** | * | |

\* \* \* \* \* \* \* \* \*

## NOTICE OF SERVICE

    I HEREBY CERTIFY that on this 16th day of February, 2005, a copy of the foregoing Motion in Limine to Preclude Defendants from Introducing Evidence Relating to the Cost to Purchase an Annuity to Compensate Plaintiffs for Any and All Compensable Damages, which was electronically filed on February 16, 2005 was mailed first-class, postage pre-paid to: Paul M. Sandler, Esq. and Eric R. Harlan, Esq., Shapiro, Sher, Guinot and Sandler, 36 S. Charles Street, Suite 2000, Baltimore, MD 21201, *Attorneys for Defendant C.H. Robinson Worldwide, Inc.*, and Tamara B. Goorevitz, Esq.,Franklin & Prokopik, 2 North Charles Street, Suite 600, Baltimore, MD 21201, *Attorneys for Defendants Brian Foster and Groff Brothers Trucking, L.L.C.* and Greg Getty, Esq. and Jeffrey Getty, Esq., Geppert, McMullen, Paye and Getty, 21 Prospect Square, Cumberland, MD 21502, Attorneys for Plaintiffs Thompson.

 

/s/ Henry L. Belsky
Henry L. Belsky
Federal Bar No.: 03161
Schlachman, Belsky & Weiner, P.A.
20 S. Charles Street - Tenth Floor
Baltimore, Maryland 21202
(410) 685-2022
Attorneys for Plaintiffs Schramm